1

2

3

4

5

6                            IN THE UNITED STATES DISTRICT COURT

7                          FOR THE EASTERN DISTRICT OF CALIFORNIA

8   TARAS MARCHAK,

9              Plaintiff,                    CIV. NO. S-11-2218 GEB GGH PS

10       vs.

11  CITIMORTGAGE, INC., et al.,

12                                           FINDINGS & RECOMMENDATIONS
               Defendants.
13

14  _____/

15             This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

16  This action was removed from state court on August 22, 2011.  In the order requiring joint status

17  report, filed August 23, 2011, plaintiff was advised of the requirement to obey federal and local

18  rules, as well as orders of this court, and the possibility of dismissal for failure to do so.

19  Defendants filed a motion to dismiss on August 29, 2011, to which plaintiff did not respond.  By

20  order filed October 7, 2011, the hearing on the motion was vacated due to plaintiff's failure to

21  file an opposition.

22             Although the court liberally construes the pleadings of pro se litigants, they are

23  required to adhere to the rules of court.  As set forth in the district court's order requiring status

24  report, failure to obey local rules may not only result in dismissal of the action, but "no party will

25  be entitled to be heard in opposition to a motion at oral arguments if opposition has not been

26  timely filed by that party."  E. D. Cal. L. R. 230(c).  More broadly, failure to comply with the

1

1   Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions

2   authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110;

3   see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se

4   litigants).

5            "Failure to follow a district court's local rules is a proper ground for dismissal."

6   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's

7   interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the

8   risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

9   merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize

10  dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash

11  R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).

12  Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction

13  of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

14  (setting forth same factors for consideration as Ghazali).

15           The court has considered the factors set forth in Ghazali.  "[T]he key factors are

16  prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th

17  Cir.1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned

18  case, and this court is put in the untenable position of expending limited judicial resources to

19  decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the

20  court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this

21  case be dismissed.  In sum, the court now has had much experience resolving pro se cases

22  brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result

23  on the merits, that the law does not provide a remedy for this unfortunate situation.

24           Accordingly, IT IS RECOMMENDED that this action be dismissed with

25  prejudice pursuant to Federal Rule of Civil Procedure 41(b).

26  \\\\

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3 fourteen (14) days after being served with these findings and recommendations, any party may

4 file written objections with the court and serve a copy on all parties.  Such a document should be

5 captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the

6 objections shall be served and filed within fourteen (14) days after service of the objections.  The

7 parties are advised that failure to file objections within the specified time may waive the right to

8 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: October 19, 2011

10                                  /s/ Gregory G. Hollows
                                   U.S. MAGISTRATE JUDGE
11

12 GGH:076/Marchak2218.41.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26